IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALFRETTA Q. GARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv484-CSC |
| | ) | (WO) |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the

Social Security Act,  42 U.S.C. § 1381 et seq., alleging that she was unable to work because

of a disability.  Her application was denied at the initial administrative level.  The plaintiff

then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a

subsequent request for review.  The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C.

§ 405(g).  The parties have consented to the United States Magistrate Judge conducting all

proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)     Is the person presently unemployed?
> (2)     Is the person's impairment severe?
> (3)     Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)     Is the person unable to perform his or her former occupation?
> (5)     Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Plaintiff Alfretta Garrison ("Garrison") was 34 years old at the alleged date of onset and 36 years old at the time of the hearing before the ALJ. Her prior work experience includes work as a woodworking hand sander. (R. 24-25). Following the

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

hearing, the ALJ concluded that the plaintiff has severe impairments of "diabetes requiring the use of insulin pump; diabetes related neuropathy in her lower extremities; and obesity." (R. 15).  The ALJ also concluded that Garrison's bi-lateral carpal tunnel syndrome did not constitute a severe impairment because it did not cause more than a minimal limitation on her ability to perform work activity.  (*Id*.)  The ALJ concluded that the plaintiff could perform her past relevant work as a woodworking hand sander, and thus, she was not disabled.  (R. 25).

**B.  Plaintiff's Claim**.  As stated by the plaintiff, the single issue for the Court's review is "[w]hether the ALJ erred by improperly interpreting medical evidence and finding that the impairment of bilateral carpal tunnel syndrome was a non-severe impairment." (Pl's Br., doc. # 11 at 2).

## IV.  Discussion

The plaintiff argues that the ALJ failed to properly consider her bilateral carpal tunnel syndrome a severe impairment at step 2 of the sequential analysis.  The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  A physical impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c).  A severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more

than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 fn. 12 (1987) citing with approval Social Security Ruling 85-28 at 37a.   The plaintiff has the "burden of showing her impairment is "severe" within the meaning of the Act." *McDaniel*, 800 F.2d at 1030.

In finding that the plaintiff's bi-lateral carpal tunnel syndrome was not a "severe impairment," the ALJ reviewed the plaintiff's medical records.  "Unless the claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits." *Id.* at 1031.  According to Garrison, "the ALJ improperly interpreted medical information without the benefit of medical opinions or evaluations to assist in the determination of the issue of severity of the impairment, and the issue of what limitation, if any, specifically are caused by the impairment."  (Pl's Br., doc. # 11, at 4).  Beyond this conclusory statement, she fails to apply, with any degree of specificity, any law to the unique facts of this case.  It is not the court's function to distill every generality into a cogent argument.  Garrison has the obligation, in the first instance, to demonstrate that she can no longer perform her past relevant work, and she is entitled to benefits. *See Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (the claimant bears the burden of establishing the existence of a disability).  "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209

5

(11th Cir. 1988).

More importantly, however, after carefully reviewing the medical records, the court concludes that substantial evidence supports the ALJ's conclusion that the plaintiff's bilateral carpal tunnel syndrom does not constitute a "severe impairment." Garrison applied for supplemental security income benefits on August 22, 2006, alleging disability based on diabetes. The court has scoured Garrison's medical records and is unable to find one instance in which she complained to her treating physician or her endocrinologist about pain in her hands or wrists even though she began treatment for diabetes in 2000.[4] During the administrative hearing, Garrison testified that the "nerve damage" in her feet rendered her disabled. (R. 35). When she applied for benefits, Garrison did not mention pain in her hands as a condition that limited her ability to work. (R. 121). On October 26, 2006, Garrison completed a six-page, fifteen question physical activities questionnaire in which she described pain in her feet and an inability to walk. (R. 135-40). Not once did she describe pain in her wrists or hands. In fact, when describing how her daily activities are affected by her impairments, she indicated that when she does housework and yard work, she had to take breaks because of the pain in her feet. (R. 135, 137-38). She indicated that she had no difficulty with her personal care (R. 136). Although Garrison underwent a consultative physical examination on December 11, 2006, she did not report any problems with her hands or wrists. (R. 264-70). It was not until December 18, 2006, that tests indicated that she

---

[4] While the majority of the plaintiff's medical records are illegible, the court has not found a single instance where Garrison complained about pain in her hands.

might be suffering from *mild* median neuropathy in her wrists.  (R. 303).  Treatment notes from September 19, 2008, reflect Garrison's active problems which include diabetes, acute nasopharyngitis, acute sinusitis, tooth loss, headache, dental disorder and periodontal disease. (R. 355-56).  Garrison did not report any difficulty with her hands or wrists.  On September 10, 2008, Garrison completed a new patient questionnaire for the University of Alabama Birmingham School of Medicine Endocrinology Clinic.  (R. 371-374).  She specifically indicated that she had no numbness in her hands or feet. (R. 373).  While the record indicates that the plaintiff has been diagnosed with *mild* median neuropathy, the medical evidence in the record does not suggest that Garrison's bilateral carpal tunnel syndrome has more than a minimal effect on her ability to perform basic work activity.  Garrison has failed to demonstrate that she is unable to work.  No treating physician has opined that she should not perform work.  This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards.  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  Garrison fails to point out to the court any evidence in the record which shows that the mild neuropathy in her hands in any way compromises her ability to do work.  Consequently, the court concludes that Garrison has failed to meet her burden of establishing that the ALJ's decision regarding the severity of that impairment was not supported by substantial evidence.

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that

substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the

court concludes that the decision of the Commissioner is supported by substantial evidence

and is due to be affirmed.

A separate order will be entered.

Done this 8th day of August, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE